In the Matter of BERNARD SENNET, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 11, 1991

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Bernard Sennet,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent, Bernard Sennet was admitted to the practice of law in New York by the Appellate Division, Second Judicial Department, in October of 1939. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

By affidavit dated February 15, 1991, respondent seeks an order pursuant to 22 NYCRR 603.11, permitting him to resign as a member of the Bar of the State of New York. Respondent

states that he is aware that there is presently pending an investigation in which he is alleged to have engaged in professional misconduct. Specifically, under docket number 2146/90, there is a complaint, as a result of a *sua sponte* investigation by the Departmental Disciplinary Committee. The complaint alleges seven different acts of professional misconduct.

The most serious of these charges relate to the payment of bribes in the amount of 5% of fees received from the Parking Violations Bureau to Geoffrey Lindenauer in exchange for retaining the collection contract with the Bureau and not reporting any of the misconduct voluntarily to the authorities. Respondent reported the misconduct to the United States Attorney's office only after receiving immunity from prosecution.

A review of the affidavit of resignation submitted by respondent indicated that it fully complies with the requirements of section 603.11 of this court's rules governing the conduct of attorneys (22 NYCRR). Respondent acknowledges that (1) he is the subject of a pending investigation of disciplinary proceedings into allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily tendered; (3) he has not been subjected to coercion or duress; (4) he is fully aware of the implications of submitting his resignation; and (5) he cannot successfully defend himself on the merits against the charges in the proceedings pending before the Committee.

Although, in his affidavit, respondent denies portions of the charges and offers explanations in an attempt to minimize the extent of his alleged misconduct, for the most part, he admits the more serious allegations of professional misconduct. As such, and in view of respondent's age and poor health, it does not appear that any useful purpose would be served by requiring him to submit to a formal hearing.

Accordingly, under the circumstances, respondent's resignation as a member of the Bar is accepted and it is ordered that his name be stricken from the roll of attorneys. The Committee's request that the effective date of the resignation be the date of the affidavit of resignation, February 15, 1991, is granted.

SULLIVAN, J. P., MILONAS, ROSENBERGER, ASCH and SMITH, JJ., concur.

Respondent's resignation is accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective as of February 15, 1991.